**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| Richard E. Freeman,<br>on behalf of himself and<br>all others similarly situated,<br>     PLAINTIFF,<br><br>v.<br><br><br>GC Services, LP,<br>GC Financial Corporation<br>DLS Enterprises, Inc.<br>     DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE #: 3:10-CV-566-REP**

**JURY TRIAL DEMANDED**

## AMENDED CLASS ACTION COMPLAINT

### AND JURY DEMAND

Plaintiff Richard E. Freeman, on behalf of himself and all others similarly situated, alleges

Defendant GC Services, LP, and its general partners GC Financial Corporation and DLS

Enterprises, Inc. violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 -1692p

("FDCPA"), by leaving telephone messages for the consumer that failed to (a) meaningfully

identify GC Services, LP as the caller and (b) state that the call was from a debt collector in

violation of 15 U.S.C. §§ 1692d(6) and e(11).

### I.   JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).

      Venue in this District is proper because Plaintiff resides here and Defendant left telephone

      messages for Mr. Freeman in this District.

### II.   PARTIES

2.    Plaintiff Richard E. Freeman is a natural person who resides in Glen Allen, Virginia.

3.      Plaintiff Richard E. Freeman is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.      Defendant GC Services, LP ("GC") is a Delaware corporation with its place of business at Houston, Texas.

5.      Defendant GC Financial Corporation ("GCF") is a Florida corporation with its principal place of business at Houston, Texas

6.      Defendant DLS Enterprises, Inc ("DLS") is a Delaware corporation.

7.      "Under Delaware law general partners are liable for all obligations of the partnership. 6 Del C. § 15-306(a) (2001) ("... all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law."). Nothing in the FDCPA limits this basic provision of the applicable state law." *Peter v. GC Services L.P.*, 310 F.3d 344, 353 (5th Cir., 2002)

8.      Defendant  GC regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

9.      GC regularly collects or attempts to collect debts for other parties and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### III.   FACTUAL ALLEGATIONS

10.      Defendant GC sought to collect a debt from Mr. Freeman allegedly due the U.S. Department of Education (DOE) arising from a student loan transaction incurred for personal, family or household purposes.

11.      Defendant GC left the following messages on Plaintiff's voice mail on or about the dates stated:

     A. On Friday September 11, 2009, at 11:08 a.m. the following message was left on Mr. Freeman's answering machine:

1. This message is for Richard Freeman, I am leaving a message here as opposed to your ah office, well, the library. My number is 866-846-9964, my extension is 561176. This is Dawn Murry you need to contact me immediately.

B. On Monday September 14, 2009 at 9:07 a.m. the following message was left on Mr. Freeman's answering machine:

1. Mr Freeman, my name is Mr. Fiess, you have until twelve o'clock eastern standard time today to go ahead and return my telephone call. My number is 866-846-9964, my extension is 561176. This is imperative that you call back today.

12. Based upon information and belief, Defendant GC left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

13. The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2).

14. Defendant GC failed to provide in the telephone messages meaningful disclosure of the caller's identity, i.e.—GC Services, LP..

15. Defendant GC failed to inform Plaintiff in the telephone messages that the communication was from a debt collector.

16. Defendant failed to disclose to Plaintiff the purpose of Defendant's telephone messages.

### IV.   CLASS ACTION ALLEGATIONS

17. This action is brought on behalf of a class defined as (i) all Virginia residents for whom Defendant left a telephone message (ii) in which GC failed (a) to provide meaningful disclosure of the caller's identity, i.e. – GC Services, LP and/or (b) to state that the call was from a debt collector or that the call was an attempt to collect a debt (iii) in an attempt to collect a student loan obligation incurred for personal, family, or household

purposes allegedly due DOE (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

18.   Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

19.   There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

   A.   Whether Defendant is a debt collector.

   B.   Whether Defendant's telephone messages violate the FDCPA.

20.   The claims of Mr. Freeman are typical of those of the class members.  All are based on the same facts and legal theories.

21.   Mr. Freeman will fairly and adequately protect the interests of the class.  He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

22.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that GC and its employees have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

23.   Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   A.   The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    B.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24.    Plaintiff requests certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## V.   COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

25.    Plaintiff incorporates the foregoing Paragraphs.

26.    Defendant GC failed to meaningfully disclose the caller's identity, i.e.—GC Services, LP, in the telephone messages in violation of 15 U.S.C. § 1692d(6).  Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1351-52 (N.D. Ga. 2008) *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009).

27.    Defendant GC failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11).  Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1352-53 (N.D. Ga. 2008) *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009); Drossin v. Nat'l Action Fin. Serv., Inc., 641 F. Supp. 2d 1314 (S.D. Fla. 2009).

WHEREFORE, Richard E. Freeman requests that the Court enter judgment in favor of Plaintiff and the class he seeks to represent against Defendant GC Services, LP, GC Financial Corporation and DLS Enterprises, Inc. for:

A.    Certification for this matter to proceed as a class action;

B.    Declaratory relief that Defendant's telephone messages violate the FDCPA;

C.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

D.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. § 1692k(a)(3); and

E.    Such other or further relief as the Court deems proper.

## <u>JURY DEMAND</u>

Plaintiff Richard E. Freeman demands trial by jury.


<u>/s/ Jason M. Krumbein</u>
Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services, Inc
1650 Willow Lawn Drive, Suite 300
Richmond, V 23230
804.673.4358 voice
804.673.4350 fax
KrumbeinLaw@gmail.com

O. Randolph Bragg (PHV) ILSB#6221983
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

Joelle E. Gotwals, Esq. VSB#76779
Law Office of Joelle Gotwals, Esq.
P.O. Box 11133
Manassas, VA 20113-0133
(571) 377-8538
(804)-673-4350 (fax)
Jgotwals@gmail.com (e-mail)

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of October, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

       John "Jack" Robb, Esq.
       Charles Sims, Esq.
       LeClair Ryan, PC
       Counsel for GC Services, LP

                     <u>/s/ Jason M. Krumbein, Esq</u>
                     Jason M. Krumbein, Esq. VSB#43538
                     KrumbeinLaw@gmail.com (e-mail)
                     Krumbein Consumer Legal Services, Inc.
                     1650 Willow Lawn Drive, Suite 300
                     Richmond, VA 23230
                     804-673-4358
                     804-673-4350 (fax)