IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD E. FREEMAN                  )
                                       )
        Plaintiff,               )
                                       )
     v.                       )     Civil Action
                                       )     No. 3:10-cv-566
GC SERVICES, LP, *et al.*          )
                                       )
        Defendant.           )
                                       )

## **DISCOVERY ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff Richard E. Freeman and

Defendants GC Services, LP ("GCS"), GC Financial Corporation and DLS Enterprises, Inc.,

through their respective attorneys of record, as follows:

WHEREAS, GCS has responded to Plaintiff's discovery to the extent that the discovery

is directed at discovering the basis of the claims of the named plaintiff and GCS' defenses to the

named plaintiff's claims;

WHEREAS, the Court, on January 31, 2011, as part of its order denying Defendants'

motion to dismiss the class allegations in the Complaint, ordered the Parties to meet and confer

over the bounds of Plaintiff's discovery requests directed to the class allegations and suspended

Defendants' obligation to respond to discovery pending the entry of a discovery order; and

WHEREAS, the Parties met and conferred on February 3, 2011 regarding discovery and

thereafter agreed to the discovery plan set forth in this Order (the "Meet and Confer");

WHEREAS, at the Meet and Confer, Defendants' counsel expressed concern that

Plaintiff has proposed a class that is not objectively identifiable and whose purported members'

claims are not susceptible to class-wide proof.  Defendants' counsel proposed a discovery plan

that would allow the Parties to first determine whether, in fact, a class is objectively identifiable.

Plaintiff's counsel objected and requested that Defendants' counsel respond to the discovery requests that remain outstanding.

WHEREAS, at the meet and confer, Defendants' counsel represented that GCS estimates that there are approximately 2000 Virginia debtors that were assigned by the Department of Education to GCS for collection of delinquent student loans during the purported class period. The Defendants have produced the Account Detail Listing for the named plaintiff, Richard Freeman. Counsel for the parties discussed that the Account Detail Listing may contain standard abbreviations, such as "LMAM", meaning left message to call on answering machine, and "LMTC", meaning left message to call. The Account Detail Listing, however, may not contain information regarding what message was left and if any disclosure was given, and accordingly, an individual analysis and examination of the debtor and caller may be necessary to discover the information. In addition, Defense counsel represented that the Defendant did not have the capability to search its Account Detail Listing to simply pull those accounts that had entries for "LMAM" or "LMTC."

WHEREAS, Defendants' counsel proposed a process to allow an orderly investigation into whether Plaintiff would be able to indentify putative class members by proposing:

a.   to provide plaintiff with a complete list of the names of the Virginia residents who were assigned to GCS for collection by the Department of Education during the putative class period;

b.   run a random pull of 100 persons within that group identified in (a) above and provide the plaintiff with the Account Detail Listing for those persons;

c.   permit the plaintiff to take the deposition of the individual(s) who left the voice messages for Freeman that are alleged in the Complaint;

d.   permit the plaintiff to take a Rule 30(b)(6) deposition of GCS on:

i.   its policies and procedures and training for account representatives in leaving messages;

ii.  the information contained in the Account Detail Listing and how those records are maintained;

iii. how the debtor Account Detail Listing is maintained in GCS' computer system, its operation and the ability, or lack thereof, to search the Account Detail Listing maintained on GCS' computer system;

iv.  the relationship between GCS and DLS Enterprises and GC Financial;

v.  all communications between GCS and the Plaintiff;

vi.  insurance maintained by GCS giving coverage for the claims brought in this lawsuit;

vii. GCS' supervision of its employees when making calls;

viii. GCS' maintenance of procedures reasonably adapted to prevent violations of the Fair Debt Collection Practices Act; and

ix.  Defendants' net worth.

WHEREAS, Defendants requested that Plaintiff respond to discovery directed at discovering the basis of the claims for class certification asserted by Plaintiff, including the investigation of the cases in PACER.

THEREFORE, this Court orders as follows:

1.    This Order shall govern discovery in this case.  No party shall be entitled to conduct any discovery unless it is provided for in this Order or in a subsequent Discovery Order.

2.    In Order for the Court to determine whether the class that Plaintiff proposes is objectively identifiable, Defendant shall produce to Plaintiff, on or before Thursday, March 17, 2011, the following:

a.  A list of the names of all Virginia residents who have an account with the Department of Education who were referred to Defendant for collection between August 12, 2009 and March 17, 2011 (the "List"); and

      b.  The Account Detail Listing for a random sample of 100 of the individuals on the List.

3.      Plaintiff shall be permitted to conduct a 30(b)(6) deposition of Defendant GCS, limited to:

      a.  its policies and procedures and training for account representatives in leaving messages;

      b.  the information contained in the Account Detail Listing and how those records are maintained;

      c.  how the debtor Account Detail Listing is maintained in GCS' computer system, its operation and the ability, or lack thereof, to search the Account Detail Listing maintained on GCS' computer system;

      d.  the relationship between GCS and DLS Enterprises and GC Financial;

      e.  all communications between GCS and the Plaintiff;

      f.  insurance maintained by GCS giving coverage for the claims brought in this lawsuit;

      g.  GCS' supervision of its employees when making calls;

      h.  GCS' maintenance of procedures reasonably adapted to prevent violations of the Fair Debt Collection Practices Act; and

      i.  Defendants' net worth.

4.      Plaintiff shall be permitted to depose the two individuals leaving the telephone messages for the Plaintiff, as alleged in the Complaint.

5.      Defendants shall be permitted to depose Plaintiff.

6.      Defendants shall be permitted to serve written discovery on Plaintiff to discover the basis supporting Plaintiff's allegations in the Second Amended Class Action Complaint,

including the allegation that Defendants have a "standard practice and procedure" that violates the Fair Debt Collection Practices Act.

7.    Once this initial discovery is completed, the Parties shall file a status report with the Court, which shall raise any discovery issues that may have arisen that could not be resolved by a meet and confer, and whether any Party believes that additional discovery must be conducted in order to determine whether a class can be certified.  If any Party believes that additional discovery must be completed, the Party shall succinctly state the discovery it wishes to conduct and the reason the additional discovery is necessary.  The Party opposing the additional discovery should state its basis for opposing the discovery.

**IT IS SO ORDERED.**

Dated: _____ , 2011

/s/

Liam O'Grady
United States District Judge

JUDGE, UNITED STATES DISTRICT COURT

Charles M. Sims, Esq. (VSB No. 35845)
John "Jack" M. Robb, III, Esq. (VSB No. 73365)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Post Office Box 2499
Richmond, Virginia 23219
(804) 915-4138 Telephone
(804) 916-7238 Facsimile
charles.sims@leclairryan.com
jack.robb@leclairryan.com
*Counsel for Defendants*

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, Virginia 23230
Telephone: (804) 673-4358
Facsimile: (804) 673-4350
KrumbeinLaw@gmail.com

Owen Randolph Bragg
Horwitz Horwitz & Associates
25 E Washington St
Suite 900
Chicago, IL 60602
(312) 372-8822
Fax: (312) 372-1673
rand@horwitzlaw.com

Joelle Erica Gotwals
Law Office of Joelle Gotwals
P.O. Box 11133
Manassas, VA 20113-0133
571-377-8538
jgotwals@gmail.com
*Counsel for Plaintiff Richard E. Freeman*